UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMILLIYON R. HACKETT-ADDISON, Bk. No. 2420190,<br><br>Plaintiff,<br><br>v.<br><br>HARRINGTON, Deputy Sheriff, et al.,<br><br>Defendant(s). | Case No. 25-cv-03513-SK  (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a pretrial detainee at the Contra Consta County Jail (CCCJ), has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that CCCJ officials put him in a "lockdown cell" for three days "because [he] was under investigation" "because [his] old cell mate was involved in a situation that had nothing to do with [Plaintiff.]" ECF No. 1 (Compl.) at 3, 4. Plaintiff claims he was "discriminated" against because of his race and subjected to "cruel and unusual punishment" in violation of the Eighth Amendment. Id. at 4. He names Deputy Sheriff Harrington and unidentified classification deputy John Doe as defendants.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment.  See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).  "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment."  Id. (citation omitted)).[1]  The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution."  Id. at 536-37.

To constitute punishment in violation of the Due Process Clause, a government condition or restriction "must (i) harm a detainee and (ii) be intended to punish him."  Houston v. Maricopa County, 116 F.4th 935, 940 (9th Cir. 2024).  If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective it does not, without more, amount to punishment.  See Bell, 441 U.S. at 539-40 (because states must be able to take steps to maintain security and order at pretrial facilities, restrictions and conditions that are reasonably related to facility's interest in maintaining jail security and order are not, without more, unconstitutional punishment).

Plaintiff's complaint will be dismissed with leave to amend to set forth sufficient facts regarding his placement in a lockdown cell to plausibly state a claim of intentional punishment in

---

[1] A sentenced inmate, on the other hand, may be punished, but that punishment may not be "cruel and unusual" under the Eighth Amendment.  See Bell, 441 U.S. at 535 n.16.

2

violation of the Due Process Clause.  See Houston, 116 F.4th at 940.  Plaintiff also will be afforded an opportunity to set forth sufficient facts regarding his placement in a lockdown cell to plausibly state a claim of intentional racial discrimination.  See Serrano v. Francis, 345 F.3d 1071, 1081–82 (9th Cir. 2003) (§ 1983 claim of denial of equal protection based on race requires discriminatory intent or purpose).  Plaintiff's conclusory allegations of punishment and racial discrimination will not do.

Plaintiff is reminded that in order to recover damages under § 1983, he must identify all named defendants and set forth specific facts linking them to his allegations of wrongdoing so as to show how each named individual defendant actually and proximately caused the federal right violation of which Plaintiff complains.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the Court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

Dated: August 4, 2025

_Sallie Kim_
_____
SALLIE KIM
United States Magistrate Judge

3